NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
——————————————————————————————   :
JUAN B. PAULINO,                  :
                                  :
             Plaintiff,           :        Civil No. 10-4784 (DMC)
                                  :
        v.                        :
                                  :
JACKIE BANGUERA, et al.,          :              OPINION
                                  :
             Defendants.          :
——————————————————————————————    :
```

APPEARANCES:

> JUAN B. PAULINO, Plaintiff pro se
> #573575/263064-D
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey 08302

CAVANAUGH, District Judge

Plaintiff, Juan B. Paulino, a state inmate presently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time.

## I. BACKGROUND

Plaintiff, Juan B. Paulino ("Paulino"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following numerous defendants: Jackie Banguera; Robert Blake; Dorothy Miller; John R. Mulkeen, Esq., Hudson County Prosecutor; Hudson County Prosecutor's Office ("HCPO"); Edward J. DeFazio, Hudson County Prosecutor; Victoria Regal, HCPO Detective; HCPO Detective Andreea Capraru; Anthony Small; Frances B. Pelliccia, M.D., HCPO Clinical Forensic Examiner; Dennis A. Murphy, Criminal Division Manager at the Hudson County Court House; Craig R. Weiss, Esq.; Edward A. Jerejian; John Dell Italia, Esq.; Joel C. Seltzer, Esq.; Raymond Black, Esq.; Gloria Oudine, Grand Jury Manager; and John Does 1-10. (Complaint, Caption). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

The 79-page Complaint essentially attempts to challenge plaintiff's conviction. The first three named defendants, Banguera, Blake and Miller are not state actors, but rather, are

2

individuals who accused and gave statements to the HCPO that Paulino sexually assaulted Banguera and Blake's minor daughter. Paulino contends that the accusations are untrue and were motivated by vengeance because of a breached loan agreement between Paulino and Banguera.[1]  (Compl., ¶¶ 4.b.1-15, 4.c.1-15 and 4.d.1-14).

Paulino next alleges that defendant Mulkeen prosecuted plaintiff despite alleged inconsistencies in the statements and reports given by defendants Banguera, Blake and Miller.  In particular, Paulino alleges that Mulkeen revised and altered reports and testimony of state witnesses and resubmitted them in a secret grand jury proceeding after the initial indictment allegedly was dismissed on October 18, 2005.  Paulino further contends that Mulkeen conspired with Banguera, Blake and Miller to upgrade and add new sexual assault allegations against Paulino covering a period of time from February 1, 2002 through July 8, 2004, and that these new charges were brought before a secret grand jury on October 26, 2005, where a true bill of indictment was issued against Paulino.[2]  Paulino now contends that Mulkeen

---

[1]  Paulino alleges that he loaned Banguera the sum of $10,000, in June 2004, which was to be re-paid to Paulino in ten days.  (Compl., ¶ 4.b.1).

[2]  Paulino was eventually convicted on various sexual assault charges referenced above, on or about February 9, 2007. Paulino challenges said judgment of conviction in a habeas petition he filed, pursuant to 28 U.S.C. § 2254, before this Court, in Paulino v. Balicki, et al., Civil No. 10-5193 (DMC).

has induced defendant Dennis Murphy, Hudson County Criminal Case Manager, to misguide plaintiff about the "secret grand jury" transcript, which defendants allege that only one grand jury transcript exists for the new 2005 indictment, namely the transcript under the 2004 indictment. Accordingly, Paulino complains that Mulkeen has impeded, obstructed and induced defendants Murphy and Oudine to likewise obstruct plaintiff's motions to compel production of the grand jury transcript and his motions for other relief in his state court post-conviction relief proceedings, in violation of his federal constitutional rights. (Compl., ¶¶ 4.e.1-19).

Paulino next asserts that defendant DeFazio had direct knowledge of the actions by defendant Mulkeen and did conspire with him to bring false charges against Paulino and to obstruct plaintiff from procuring a copy of the grand jury transcript. Paulino also contends that DeFazio induced plaintiff's defense counsel, Craig R. Weiss, Esq., to convince plaintiff to plead guilty to the allegedly false charges. (Compl., ¶¶ 4.f.1-24).

Paulino also alleges that defendant Regal participated in the investigation and prosecution of Plaintiff in collusion with the other defendants. Namely, Paulino alleges that Regal participated in the falsifying of evidence, reports, and the actions of the other defendants in misleading plaintiff and preventing him from obtaining a copy of the grand jury

4

transcript. (Compl., ¶¶ 4.g.1-24). Likewise, Paulino alleges that Detective Capraru participated in the wrongful acts of the other defendants. (Compl., ¶¶ 4.h.1-24).

Paulino further asserts that defendant Small concealed his residence at Banguera's apartment from the police and HCPO, and obstructed the police investigation regarding the allegations of sexual assault of Banguera's daughter. In particular, Paulino suggests that Small did this to draw suspicion away from Small, who had access to the minor child and had a criminal history. Paulino also alleges that Small participated in the wrongful actions of the other defendants, which resulted in Paulino's second indictment and subsequent conviction. (Compl., ¶¶ 4.i.1-25).

Paulino also claims that defendant Dr. Pelliccia breached medical protocol guidelines with regard to the medical examination of the sexual abuse victim and concealed information concerning defendant Miller's involvement during the examination. (Compl., ¶¶ 4.j.1-6)

As stated above, Paulino alleges that defendant Murphy rejected and obstructed all applications filed by plaintiff in his state post-conviction relief proceedings. In particular, on various dates between 2009 and 2010, Paulino alleges that Murphy impeded discovery efforts, and inhibited his legal access to file for post-conviction relief. (Compl., ¶¶ 4.k.1-4).

Paulino next asserts claims against his retained counsel during his state criminal proceedings and his state post-conviction relief proceedings.  First, as to defendant Weiss, Paulino alleges an ineffective assistance of counsel claim, stating that Weiss did not prepare any pretrial motions to dismiss or suppress, nor did he order any grand jury transcripts. Paulino also alleges that Weiss colluded with the prosecutors and encouraged plaintiff to admit his involvement in the allegations of sexual assault.  (Compl., ¶¶ 4.l.1-7).

As to attorney Jerejian, Paulino alleges that counsel failed to provide any legal defense services despite plaintiff's payment of a non-refundable retainer.  (Compl., ¶¶ 4.m.1-3).  Defendant Dell Italia likewise provided ineffective assistance of counsel. (Compl., ¶¶ 4.n.1-6).

Paulino further complains that counsel Seltzer and Black, who were retained to work on plaintiff's state post-conviction relief proceedings, failed to provide adequate representation and have acted to delay, protract and impede his state post-conviction proceedings, including the concealment of exculpatory documents and prohibiting an investigator to be engaged in obtaining statements from witnesses.  (Compl., ¶¶ 4.o.1-15).

Finally, Paulino alleges that Grand Jury Manager Gloria Oudine refused to process or respond to plaintiff's request for grand jury transcripts in 2009 and 2010.  (Compl., ¶¶ 4.p.1-3). The Complaint makes no allegations against John Doe defendants.

Paulino seeks to have a trial on all of these claims, to have defendant Oudine produce the grand jury transcript and to have the Court issue a temporary restraining order against the HCPO defendants to stop them from obstructing plaintiff's access to the state court regarding his state post-conviction proceedings.  (Compl., ¶ 7).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must

7

"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff." Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)). The standard for evaluating whether a
complaint is "frivolous" is an objective one. Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S.
at 93-94 (In a pro se prisoner civil rights complaint, the Court
reviewed whether the complaint complied with the pleading
requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard
for summary dismissal of a Complaint that fails to state a claim
in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before
the Supreme Court was whether Iqbal's civil rights complaint
adequately alleged defendants' personal involvement in

8

discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[3] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

---

[3] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[4] that

---

[4]   In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

10

applied to federal complaints before <u>Twombly</u>.  <u>Fowler</u>, 578 F.3d
at 210.  The Third Circuit now requires that a district court
must conduct the two-part analysis set forth in <u>Iqbal</u> when
presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [<u>Id</u>.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>,
> 515 F.3d at 234-35.  As the Supreme Court instructed in
> <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'" <u>Iqbal</u>, [129 S.Ct. at
> 1949-50].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this
<u>pro</u> <u>se</u> pleading must be construed liberally in favor of
Plaintiff, even after <u>Iqbal</u>.  See <u>Erickson v. Pardus</u>, 551 U.S. 89
(2007).  Moreover, a court should not dismiss a complaint with
prejudice for failure to state a claim without granting leave to
amend, unless it finds bad faith, undue delay, prejudice or
futility. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-
111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir.
2000).

III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law. West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.   ANALYSIS

A.   Claims Against Banguera, Blake, Miller and Small

Paulino asserts this § 1983 action against non-state actor

defendants, Banguera, Blake, Miller and Small.   He argues that

these defendants made false charges against him and misled the

police and prosecutors in their investigation of the sexual

assault of Banguera's minor daughter.   Thus, essentially, Paulino

is attempting to undermine his New Jersey state court conviction

in this § 1983 action.

12

First, the Complaint must be dismissed as against these defendants because they are not state actors who may be liable to plaintiff under § 1983.  Second, plaintiff's allegations that these defendants lied about the sexual assault charges are simply an attempt to attack Paulino's conviction, which is more appropriately brought as a federal habeas action under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

In a series of cases beginning with Preiser, the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

Indeed, any § 1983 claim against these defendants based on the contention that his conviction was invalid or erroneously obtained in violation of his constitutional rights also is barred

13

by Heck v. Humphrey, 512 U.S. 477, 487 (1994)(holding that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

In Heck, the Supreme Court addressed a corollary question to that presented in Preiser, i.e., whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding).  The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor

14

of the plaintiff would necessarily imply the invalidity of
his conviction or sentence; if it would, the complaint must
be dismissed unless the plaintiff can demonstrate that the
conviction or sentence has already been invalidated.  But if
the district court determines that the plaintiff's action,
even if successful, will not demonstrate the invalidity of
any outstanding criminal judgment against the plaintiff, the
action should be allowed to proceed, in the absence of some
other bar to the suit.

512 U.S. at 487 (footnotes omitted).

The Court held that "a § 1983 cause of action for damages
attributable to an unconstitutional conviction or sentence does
not accrue until the conviction or sentence has been
invalidated."  Id. at 489-90.

Here, it is plain that Paulino's conviction has not yet been
invalidated.  Consequently, any claim in this § 1983 action that
would necessarily imply the invalidity of Paulino's conviction on
the disputed sexual assault charges is plainly barred by Heck.
Therefore, the Complaint will be dismissed without prejudice, as
to these non-state actor defendants, Banguera, Blake, Miller and
Small, for failure to state a claim upon which relief may be
granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)
and 1915A(b)(1).

B.  Claims Against Privately Retained Counsel

Paulino also brings this § 1983 action against his privately
retained counsel, namely, Weiss, Jerejian, Dell Italia, Seltzer
and Black, with respect to his state criminal trial proceedings
and his state post-conviction relief proceedings, on a claim that
his counsel were constitutionally ineffective in their

15

representation of Paulino, in violation of his Sixth Amendment rights.

Plaintiff's claims against his privately retained counsel are not actionable at this time in a § 1983 action. First, defendants are not state actors. Thus, as privately retained lawyers, they would not be subject to liability under § 1983. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client). Even if these defendants were court-appointed counsel, these attorneys would not be subject to § 1983 liability. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).[5]

Moreover, even if Paulino had pleaded facts establishing that his attorneys were acting under color of state law, which he lamely attempts to do by baldly alleging that they colluded with the prosecutors, any claim concerning a violation of plaintiff's

_____

[5]   It appears that defendants Seltzer and Black were court appointed counsel from the public defender's office with respect to Paulino's state post-conviction proceedings.

right to effective assistance of counsel must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Therefore, plaintiff's Complaint asserting any liability against defendants under § 1983, as to an ineffective assistance of counsel claim, must be dismissed for failure to state a claim at this time,[6] pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915A(b)(1).

C.  <u>Claims Against Prosecutor Defendants</u>

Next, Paulino asserts claims against the prosecutor defendants, Mulkeen, DeFazio and the HCPO, with respect to their handling of the indictment and subsequent conviction of plaintiff on the sexual assault charges.  To the extent that Paulino is asserting that these defendants violated his constitutional rights in their prosecution of Paulino, such claim must be dismissed.

_____

[6]  Paulino's claims against Seltzer and Black for ineffective assistance of counsel with respect to his state post-conviction proceedings is not cognizable pursuant to 28 U.S.C. § 2254(i).  Therefore, such claim fails to state a cognizable claim of a federal constitutional deprivation and should be dismissed with prejudice.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence). See also Yarris v. County of Delaware, 465 F.3d 129

18

(3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately <u>destroying</u> highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately <u>withhold</u> exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Here, Paulino's allegations against these prosecutorial defendants plainly fall within the scope of their prosecutorial duties in initiating and pursuing a criminal prosecution against plaintiff.  There are no allegations that appear to fall outside the scope of the defendants' prosecutorial role, and this Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct of any kind.

To the extent that Paulino may be alleging a claim of conspiracy by the prosecutor defendants with the other non-state actor defendants, the Complaint consists of nothing more than threadbare, conclusory statements that fail to satisfy the pleading requirements under Rule 8.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949-50.  Accordingly, the claims against the prosecutor defendants for their conduct and actions during the investigation, indictment and prosecution of Paulino must be

dismissed with prejudice for failure to state a cognizable claim under § 1983.

The Court further notes that Paulino appears to be asserting that these prosecutor defendants impeded or obstructed plaintiff's efforts to obtain a copy of the grand jury transcript and possibly other reports in his state post-conviction proceedings.  Paulino also appears to suggest that the prosecutor defendants have tried to thwart plaintiff's motions for relief in his state post-conviction proceedings.  Any such claims must be dismissed for failure to state a claim of a cognizable federal constitutional violation at this time.

Indeed, plaintiff's allegations are nothing more than a claim for production of documents in a state court proceeding in which he is challenging his state court conviction.  In the event these state court proceedings are ongoing, Paulino may make the appropriate motion in his state court proceeding.  If his state post-conviction proceedings are completed, he may appeal that decision on state collateral review.

At best, plaintiff's claim may be construed as a denial of access to the courts claim.  However, Paulino has not demonstrated an actual injury stemming from the defendant prosecutors' allegedly unconstitutional conduct, see Lewis v. Casey, 518 U.S. 343, 351-54 (1996), or that he was prevented from raising a meritorious legal issue on state collateral review.  In short, Paulino has not shown that the lack of the grand jury

20

transcript has prejudiced him in his state PCR proceeding.[7]  He also fails to state how the grand jury proceedings (and therefore production of the transcript) adversely affected the outcome of his criminal trial that he is challenging on state collateral review for the second time, which is essential to making a meritorious claim on habeas review.

Therefore, any claim alleging denial of due process or denial of access to the courts with respect to production of his grand jury transcript in his state PCR proceedings will be dismissed without prejudice as against the prosecutor defendants, Mulkeen, DeFazio and the HCPO, as well as the state court employee defendants, Dennis Murphy and Gloria Oudine, for failure to state a cognizable claim upon which relief may be granted at

---

[7]  Indeed, errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief.  See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation"), cert. denied, 526 U.S. 1065 (1999).  Thus, infirmities in a state PCR proceeding do not raise constitutional questions in a federal habeas action.  Id.  Furthermore, as a general rule, matters of state law and rules of procedure and evidence are not reviewable in a federal habeas petition.  The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. at 67-68. Thus, even if Paulino's second state PCR petition is denied, and he intends to argue that the failure to produce the grand jury transcript in his state PCR proceedings was in error, such error is not reviewable in a federal habeas action.  Accordingly, Paulino fails to show actual injury or prejudice from the denial of his state court motion for production of his grand jury transcript.

21

this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
1915A(b)(1).

D.   Claims as to the Remaining Defendants

     Finally, as to the remaining defendants,[8] Victoria Regal,
Detective Capraru, and Dr. Pelliccia, Paulino appears to allege
that they participated in the prosecutorial investigation against
Paulino without regard to the truth or plaintiff's constitutional
rights.  These allegations, as set forth in the factual
background above, suggest that Paulino is challenging the
lawfulness of his conviction.  Where Paulino's claims in this
instance tend to imply the invalidity of his state court
conviction, which has not yet been invalidated by state court
review or federal habeas action, such action under § 1983 is
barred by Heck.  Therefore, the Complaint will be dismissed
without prejudice, in its entirety, as against these remaining
defendants, for failure to state a claim at this time.

     To the extent that Paulino is asserting any state or common
law claims in this matter, this Court declines to exercise
supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).
Under § 1367(c)(3), where a district court has dismissed all
claims over which it has original jurisdiction, as this Court has
done here at this time, it may decline to exercise supplemental

_____

     [8]  The Court will dismiss the Complaint in its entirety as
to the John Doe 1-20 defendants because Paulino has failed to
allege any facts or state a claim with regard to these fictitious
defendants.

22

jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)(citations omitted).  As no such extraordinary circumstances appear to be present here, this Court will dismiss without prejudice any state law claims purported to be asserted by Paulino here.

Therefore, the Complaint will be dismissed in its entirety as against all named defendants, for failure to state a claim upon which relief may be granted at this time.

IV.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety as against all named defendants in this action, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1), for failure to state a claim upon which relief may be granted at this time.  Any request for injunctive relief or a temporary restraining order, as requested in plaintiff's Prayer for Relief (Compl., ¶ 7), is denied as moot.  An appropriate order follows.

_____
DENNIS M. CAVANAUGH
United States District Judge

Dated: 5/12/1.